**Government Exhibit B**
**Transcript of Detention Hearing from April 14, 2026**

                    IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

UNITED STATES OF AMERICA,        .
                                 .  Case No. 2:26-MJ-00040-AC
                Plaintiff,        .
                                 .
          vs.                    .
                                 .
CARLOS IVAN MENDOZA HERNANDEZ,   .
                                 .
                Defendant.        .
                                 .  Tuesday, March 14, 2026
. . . . . . . . . . . . . . . . .  1:12 P.M.


              TRANSCRIPT OF HEARING ON INITIAL APPEARANCE
                  BEFORE THE HONORABLE ALLISON CLAIRE
                  UNITED STATES MAGISTRATE COURT JUDGE


APPEARANCES:

For the Plaintiff:        United States Attorney's Office
                          BY: JASON HITT, ESQUIRE
                          501 I Street, Suite 10-100
                          Sacramento, California 95814
                          (916) 554-2751
                          jason.hitt@usdoj.gov

For the Defendants:       Office of the Federal Defender
                          BY: DAVID HARE HARSHAW, III, ESQUIRE
                          801 I Street, 3rd Floor
                          Sacramento, California 95814
                          (918) 498-6666
                          david_harshaw@fd.org

Electronic Court          Janelle Murphy
Recording Operator:       Robert T. Matsui United States
                            Courthouse
                          501 I Street
                          Sacramento, California 95814

Transcription Service:    Liberty Transcripts
                          9107 Topridge Drive
                          Austin, Texas 78750
                          (847) 848-4907
                          DBPATEL1180@GMAIL.COM


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Proceedings commenced at 2:12 p.m.)

THE CLERK:  Calling Case Number 26-MJ-00040, United States versus Carlos Mendoza Hernandez.  This is on calendar for initial appearance, Your Honor.

(Pause)

THE COURT:  Appearances, please.

MR. HITT:  Good afternoon, Your Honor.

Jason Hitt on behalf of the United States.

THE COURT:  Good afternoon, Mr. Hitt.

MR. HARSHAW:  Good afternoon, Your Honor.

David Harshaw with the Federal Defender's Office seeking appointment.  May I have a few moments?

THE COURT:  Yes, you may.

MR. HARSHAW:  I also have some releases I would like him to sign.  It may be a moment.

THE COURT:  Yes.  Go right ahead.  Are his hands free?

MR. HARSHAW:  Are you left- or right-handed?  I didn't know.  We're good.

(Pause)

THE COURT:  Okay.  Are you ready to proceed, Mr. Harshaw?

MR. HARSHAW:  Yes, Your Honor.

THE COURT:  And I take it this is Mr. Mendoza Hernandez next to you in custody?

MR. HARSHAW: He is. And he is seeking appointment and he qualifies, Your Honor.

THE COURT: Thank you, Mr. Harshaw.

THE INTERPRETER: Good afternoon, Your Honor.

Yolanda Riley-Portal, previously sworn Spanish interpreter.

THE COURT: Good afternoon.

Mr. Mendoza Hernandez, the Government has filed a criminal complaint against you. And before I tell you about the charges in that document, I will advise you of your rights.

You have the right to counsel throughout all proceedings. That means if you can afford to hire an attorney, you may hire any lawyer that you choose. If you can't afford to hire an attorney yourself, I will appoint counsel for you at no cost to you. Based on what Mr. Harshaw has told me, I am appointing him to represent you in this case.

You have the right to remain silent because anything that you do say here in court could be used against you by the Prosecution. I encourage you to allow Mr. Harshaw to speak on your behalf.

Mr. Harshaw, have you had the opportunity to review the complaint and affidavit with your client with the assistance of an interpreter, if necessary?

MR. HARSHAW: Yes, Your Honor.

THE COURT: Mr. Mendoza Hernandez, you are charged in

this complaint with Assault On A Federal Officer With A Dangerous Or Deadly Weapon in violation of Title 18 of the United States Code Section 111(b). If you are convicted, the maximum penalties you face on this charge are a term of imprisonment up to 20 years, supervised release following imprisonment up to three years, a fine up to $250,000, and a mandatory special assessment of $100.

This is the charge contained in this complaint. It may or may not be the final charges filed against you in this matter.

Mr. Hitt, is the Government seeking detention and, if so, what statute of the -- excuse me, what section of the statute is the basis of your motion?

MR. HITT: Yes, Your Honor. The Government is seeking detention on two bases in the statute. The first is a mandatory requirement that a detention hearing be held under Section 3142(f)(1)(A).

This is a crime of violence. It has been held by the Ninth Circuit in Juvenile Female, 566 F.3d 943. That is Section 111(b). In addition, a detention hearing is authorized by Section 3142(f)(2)(A) because it is an allegation of a crime involving a serious risk that the person would flee.

THE COURT: Okay. I'm not going to make any finding on that second proffered basis, which I'm skeptical of. But in any case, it is a crime of violence, and so a detention hearing

is authorized under (f)(1)(A).

So the Government has brought a motion. I've reviewed the Pretrial Services report.

Mr. Hitt, I assume the Government agrees with Pretrial Services that detention is warranted here. Is that correct?

MR. HITT: Yes, Your Honor. We believe the (g) factors all support detention in this case.

THE COURT: Mr. Harshaw?

MR. HARSHAW: Your Honor, my client has no criminal record. The crime is supposed to be the least considered thing here. But I will note for the record, and I have videos to show the Court if you would like. I can show you a video from one of the Teslas that was behind that showed what happened, and I can show you a news video of a witness who says something contrary to what the Prosecution alleges on a videotape.

Again, no criminal record. He has ties to the community. He has ties to El Salvador. It's dangerous for him to go back to El Salvador, and I don't want to get into that, but he has deep ties to this community. You can see the ties behind me.

His partner is here, Cindy Ramirez. She is offering to be an -- to an unsecured bond. But having read Pretrial's issues with that, her sister -- my client's partner's, I guess, sister-in-law -- Jocelyn Ramirez, owns a home. There is

approximately, to be on the safe side, $175,000 worth of equity in it, if that is something the Court is interested in pursuing.

He's been shot seven times. He's not a danger to drive or to, at least in the very near term, to hurt anybody. As I said, there is a difference of opinion as to what happened. If he was shot before he moved the car, his flight from the people who were shooting him is understandable.

THE COURT: Yeah.

MR. HARSHAW: I would ask that the Court release him on as minimal conditions as the Court can find. And I think that might include ankle monitoring, but I don't think that's necessary. I think releasing him to his family on an unsecured bond or a secured bond, and I've also been told there may be a hold in this case from ICE, but that's not for us to worry about today.

THE COURT: No, it is not.

All right. As you said, Mr. Harshaw, the alleged offense conduct is the least significant of the (g) factors. It's not irrelevant. I'm aware that the facts of what happened are hotly contested here. I also know that different videos taken from different angles often show different things, and I'm not going to do any fact-finding today. So I'm declining your invitation to look at any video evidence, but I don't think I need to.

Even taking the allegations of the affidavit in support of the complaint at face value, I don't think those allegations support the inference that Pretrial Services and the Government urge that this Defendant poses a danger to the community generally outside the unique circumstances of this event or that he presents a serious risk of non-appearance.

Sometimes when a Defendant at the time of arrest attempts to evade on particular fact patterns, I have found that it supports an inference of a desire to escape responsibility. I don't find that here. There's no history of any kind of failure to appear that goes along with not having any criminal history. And I know that we're just talking about records in the United States, so that only goes back a few years. But nonetheless, there's nothing in front of me that really makes me think there is anything other than the typical incentives not to appear. And there are very strong reasons to believe that he will appear and that he will not commit crimes on pretrial release.

I note not only the absence of criminal history, but the strong support of family, his relationship with his partner, the fact that he has a child here. I think that there are conditions that are adequate to protect the community and ensure Mr. Mendoza Hernandez's appearance at Court. So what I am going to do is order him released on the basis of a $50,000 unsecured bond to be signed by Cindy Ramirez.

Mr. Mendoza Hernandez, while on pretrial release, you have to obey all laws and make your court appearances. Should you fail to appear to resolve the case, Ms. Ramirez would end up owing the Government $50,000, and I'm trusting you not to put her in that position. If you do commit any crimes or are charged with any crimes or fail to come to court, a warrant could go out for your arrest in this case.

I'm going to place you on Pretrial Services supervision, subject to the following conditions. You must report to and comply with all rules and regulations of the Pretrial Services Agency. You must report in person to Pretrial Services on the first working day following your release from custody. That means tomorrow come back to this building and go see them on the second floor.

You must reside at a location approved by your Pretrial Services officer and not move or absent yourself from this residence for more than 24 hours without prior approval from your officer. You must cooperate in the collection of a DNA sample. Your travel is restricted to the Eastern District of California unless you get advance approval from your Pretrial Services officer.

If you still have any access to your El Salvador passport, which I don't believe you do but, if you did, you would have to surrender it to the Clerk of the Court. And you must not apply for or obtain any travel documents of any kind

during the pendency of this case.

You may not possess or have in your residence or have any access to firearms, ammunition, destructive devices, et cetera, and must provide written proof of divestment of any such items under your control.

You must refrain from the excessive use of alcohol and must not possess or use any controlled substance without a prescription from a licensed medical provider. So I know that you have prescription medications because of your injuries and with those and any other prescription drugs, show the prescriptions to your Pretrial Services officer. You may not use medical marijuana even if a doctor prescribes it for you. I'm not ordering alcohol and drug testing because I don't see anything in his history to warrant that.

You must report any contact with law enforcement to your Pretrial Services officer within 24 hours. Those are the conditions I think are appropriate but I'm going to pause to ask Mr. Walker if he wants to suggest any additional conditions for my consideration.

MR. WALKER: Yes, Your Honor. We would recommend that he be placed on GPS monitoring.

THE COURT: Mr. Hitt, your position on that recommendation?

MR. HITT: Your Honor, I think any conditions of release are inappropriate.

THE COURT: I know.

MR. HITT: And so if Pretrial thinks that, I would ask to be heard. The Court didn't really ask for the Government's position and I have a request that the Court stay any release order so we can seek review.

THE COURT: I did start by asking for your position, Mr. Hitt. I'm sorry I didn't pivot back to you, it's true, to make a rebuttal argument after I heard from Mr. Harshaw.

MR. HITT: Well, I'd like to make a record, I think, because it sort of went one way and there wasn't a chance to go against it. So the weight of the evidence, as the Court recognized, is the least important and I think there's reason to be skeptical of the witness cited by Mr. Harshaw.

THE COURT: I'm not relying on that witness.

MR. HITT: And then the question is what the Court is relying on. And I think the nature and circumstances of the offense charged demonstrate in a sworn complaint that the Defendant took multiple volitional acts that threatened the safety of federal law enforcement officers. He had to accelerate, steer, and shift three separate times during the episode, directing a vehicle at the bodies of other human beings.

So for the Court to say this doesn't seem like a flight case, I think, is a little confusing because the very core of the facts are escaping, not obeying lawful commands and

then using the vehicle to drive at the physical bodies of other human beings. And under the Bail Reform Act, the nature and circumstances of the offense aren't the least important.

And I think it also goes into the (g)(4) factor of the nature and seriousness of the danger to the community where you have an individual who did not obey commands. And as you pointed out, whether the Defense has some story they want to tell, that's for a jury, not for today.

And in the complaint, there were literally three different pivot points, going forward, going backward, and then once again going forward dramatically toward the agents, jumping over a medium, hitting another car, going the wrong way up the street. And I think if you take the facts as sworn, it is a very difficult case to see any conditions, let alone a $50,000 unsecured or this sort of late-breaking additional surety, because I don't think that addresses the danger and risk of flight that are evidenced in the complaint.

For those reasons, we'd ask that you at least stay so we may seek review from the duty district judge, Your Honor.

THE COURT: Thank you, Mr. Hitt. What you said doesn't persuade me to change my mind. You've got a perfectly good argument as to why the alleged acts as described in the affidavit supporting the complaint constitute the crime charged, right. And that's disputed, and I understand that, and I don't disagree with that.

My point was that those events following a stop by ICE and the latter part of the events that you described, the erratic, dangerous driving, that was after he was shot according to the -- after the first shots were fired. I think it's unclear from the affidavit when he was first injured.

But in any case, the question is whether that conduct generates an inference that he will not appear in court to answer the charges, and I don't think it does. I also don't think that it supports an inference that his release to the community creates any danger of further violence toward anybody. This isn't someone who is seeking out law enforcement to target, or who has any history that I know of, of threatening anyone.

This is a situation in which the allegations of the complaint are what they are, and they are serious, but I don't think that they suggest that Mr. Mendoza Hernandez won't succeed on pretrial release. So I am affirming my decision to release him on the basis of a $50,000 unsecured bond with the conditions I originally announced. I'm not going to impose location monitoring because I don't think it's warranted. But the Government has moved for a stay, and I am going to grant that request.

And Mr. Mendoza Hernandez and Ms. Ramirez, I'm sorry, but what that means is Mr. Hitt, the Prosecutor, wants to go to the district judge who has authority to reverse me, and try to

get my order reversed. So even though I have ordered Mr. Mendoza Hernandez released, that's not going to happen right away.

I'm staying my order for 24 hours so that Mr. Hitt can file something with the district judge who might extend that stay and will either affirm my ruling or reverse it. So it will be up to a different judge in the end. But the record is what it is.

Is there anything you want to add to the record on your client's behalf, Mr. Harshaw?

MR. HARSHAW: Other than objecting to the stay, Your Honor, nothing.

THE COURT: All right.

MR. HITT: Your Honor, may I make a request --

THE COURT: Yes.

MR. HITT: -- of 48 hours? My experience has been where we don't have an assigned district judge --

THE COURT: Yeah, you're right.

MR. HITT: -- identifying the duty district judge and getting the briefing set can be very difficult at times. And I think 24 might put the judge in a tough spot, whoever ends up getting it.

THE COURT: You're right. And my colleagues and I have been, I think, specifically requested to make it a 48-hour period --

MR. HITT: Thank you, Your Honor.

THE COURT: -- when a stay is being granted, so it will be a 48-hour stay.

Thank you, everyone. That concludes today's calendar. Oh, we need to set a prelim date. May 5, 2026 in front of Judge Kim.

And is there a motion, Mr. Hitt, under the Speedy Trial Act to exclude time between now and then?

MR. HITT: I don't know that it applies for the criminal complaint, but I will be producing early. We have collected early discovery.

THE COURT: Yeah, you're right.

MR. HITT: There is, as mentioned in the proffers by both parties, there is video evidence that's being collected, FBI has written reports. And our practice has been to try and get that out even before arraignment to get at least the first production out. And we will be working diligently on that.

THE COURT: Good. All right.

MR. HITT: And I believe the Rule 5 advisement --

THE COURT: I was getting to that because that definitely applies.

Under Brady v. Maryland and Federal Rule of Civil Procedure, excuse me, Criminal Procedure 5(f), the Government has a due process obligation to provide any and all exculpatory or impeachment evidence to the Defense. Failure to do that can

result in sanctions on the Government up to and including the dismissal of charges.

Thank you very much. That concludes the calendar.

MR. HARSHAW: Thank you, Your Honor.

(Proceedings were adjourned at 2:36 p.m.)

* * * * *

## CERTIFICATE

I, DIPTI PATEL, court approved transcriber, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and transcribed to the best of my ability.

_____

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

Liberty Transcripts                    Date:  April 15, 2026