HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DAVID H. HARSHAW, KY Bar # 86435
Supervisory Assistant Federal Defender
801 I Street, 3rd floor
Sacramento, CA 95814
Telephone: 916.498.5700
heather_williams@fd.org
David_harshaw@fd.org

Attorneys for Defendant
CARLOS MENDOZA HERNANDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CARLOS IVAN MENDOZA HERNANDEZ,<br>Defendant. | Case №: 2:26-cr-00053-DAD<br>**STATUS CONFERENCE MEMORANDUM**<br>Date: 10/19/2026<br>Time: 9:30 a.m.<br>The Honorable Dale A. Drozd |

Defendant, CARLOS MENDOZA HERNANDEZ, by and through Heather E. Williams, Federal Defender, and David Harshaw, Supervisory Assistant Federal Defender, offers this *Status Conference Memorandum* to assist the court and parties at the *Status Conference*, October 19, 2026, before the Honorable Dale A. Drozd, as follows:

1. By previous order, this matter is set for status on October 19, 2026. CARLOS' initial appearance was April 14, 2026. He has been detained since that date.

2. The Defendant and his counsel anticipate setting another status conference in several months and that speedy trial time will be excluded from and including October 19, 2026 through any new status conference date.

3. Defendant agrees and requests this Court find the following:

a) The Government has produced discovery in this case, including 1709 pages of reports and photographs (which includes a computer printout of CARLOS' car's computer monitoring), 138 videos (various lengths), 3 audio recordings (agent interviews), and 3 Excel files.

b) ON September 9, 2026, CARLOS, through his counsel, requested from the Government additional reports and records including but not limited to:

- CARLOS' statements in the Government's possession;
- CARLOS' alleged criminal and immigration history;
- The government's forensic analyses and experts and, in particular, of:
  - CARLOS' cell phone and
  - The Federal Bureau of Investigation's and any other law enforcement's examination of the car CARLOS drove when stopped and shot by Immigration and Customs Enforcement (ICE) agents;
- Exculpatory information in the Government's possession;
- Any added video or audio recordings received or made in the Government's investigation;
- *Henthorn* materials concerning the agents involved in stopping, shooting and arresting CARLOS.

4. CARLOS' counsel will need additional time to review the request government material once received, discuss it with their client, continue their research related to the charges, discuss potential resolutions with CARLOS, prepare pretrial motions, and otherwise prepare for trial.

5. CARLOS' counsel have been investigating the scene where ICE agents stopped and shot CARLOS. They have also been consulting with experts to help inform them of what's needed for a complete investigation by the government and/or to provide CARLOS an effective defense, possible trial motions and defenses, and added disclosure requests.

6. CARLOS and his lawyers believe another *Status Conference* will give them the reasonable time needed for effective preparation for trial. This assumes that the government soon produces the available and requested evidence and information. The defense consulting experts will need sufficient time to evaluate any new disclosure which potentially includes examining collected evidence in the government's possession, such as the car. At this point, the defense is limited in what added trial investigation they can do absent further discovery.

7. Based on the above-stated findings, the ends of justice are served by continuing the case as requested and outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

8. For the purpose of computing Speedy Trial Act time, 18 U.S.C. § 3161, et seq., within which trial must commence, from October 19, 2026, to a January 2027 date agreeable between the Court and the parties, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) (anticipating filing pretrial motions – Local Rule 479, Code E) and (7)(B)(iv) (to give counsel reasonable time to prepare – Code T4). These support the Court's finding the ends of justice are served by taking such action and outweigh the best interest of the public and the defendant in a speedy trial.

9. Nothing in this *Status Conference Memorandum* and any court order considering it precludes this Court finding other Speedy Trial Act provisions

dictate excluding additional time periods from the time within which a trial must commence.

RESPECTFULLY SUBMITTED: October 14, 2026.

HEATHER E. WILLIAMS
Federal Defender

*s/ Heather E. Williams*_________
HEATHER E. WILLIAMS,
Federal Defender

*s/ David H. Harshaw* _ ________
DAVID H. HARSHAW
Supervisory Assistant Federal Defender